**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **T.J., an individual,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | **2:26-CV-5850** |
| **v.** | ) | |
| | ) | |
| **TRANS UNION, LLC,** | ) | **COMPLAINT** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

1.      This is an action for damages brought by an individual consumer, T.J., against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

2.      Plaintiff is a victim and survivor of severe trafficking.  Since escaping from those horrendous circumstances, he has diligently worked to regain his life, including his financial well-being.

3.      Survivors of trafficking often find that their credit reports reflect financial obligations and negative information that were the result of the financial abuse they endured, while being trafficked.  Survivors and support organizations report that traffickers employ financial abuse as both a source of income and a method of control.  After destroying their victims' credit history and racking up charges in their names, traffickers know their victims will be unable to find affordable housing, become employed, or access credit on fair terms for purchases such as buying a car. *See CFPB Helps Survivors Mitigate the Financial Consequence of Human Trafficking*, June 23, 2022.

4. In December 2021, President Biden signed the Debt Bondage Repair Act into law. The Debt Bondage Repair Act prohibits credit reporting companies from providing credit reports that contain any negative item of information about a survivor of trafficking that resulted from the trafficking, and amends the Fair Credit Reporting Act to detail a consumer reporting agencies' obligation to block, remove or delete credit accounts that are the result of trafficking.

5. Plaintiff's claim here is based on Defendant's failure to comply with those obligations.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff T.J. is an adult individual residing in the state of New York. As detailed below, Plaintiff is the victim of severe trafficking, and this matter relates to the impact that the abuse had on Plaintiff's finances along with Defendant's failure to comply with its obligations under a federal law designed to protect victims of trafficking. Due to the sensitive nature of the issues, Plaintiff requests that the Court grant a protective order pursuant to Fed R. Civ. P. 26(c) to permit him to proceed under a pseudonym and to ensure that Defendant maintains the confidentiality of Plaintiff's identity throughout the pendency of this lawsuit and after.

9. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

## FACTUAL ALLEGATIONS

10.     Plaintiff is the victim of trafficking as that term is that term is define by 15 U.S.C. § 1681c-3(a)(3).

11.     As a result of Plaintiff's victimization, several accounts and/or tradelines have been opened using Plaintiff's personal information (hereinafter "Accounts Resulting from Trafficking"). Plaintiff is not responsible for these accounts, and the accounts resulted from severe trafficking.

12.     Defendant has been reporting the Accounts Resulting from Trafficking on Plaintiff's credit reports since at least November 2025 through present.

13.     The Accounts Relating to Trafficking have been included in credit reports that Defendant has disseminated to various persons and credit grantors, both known and unknown. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least November 2025 through the present.

14.     Beginning in or around March 2026, Plaintiff contacted Defendant to request that it block the Accounts Resulting from Trafficking pursuant to 15 U.S.C. § 1681c-3(b) and 12 C.F.R. § 1022.142(e)(1).

15.     In support of that request, Plaintiff provided Defendant with all required proof and documentation, including proof that he was the victim of trafficking, and "trafficking documentation" as that term is defined by 12 C.F.R. § 1022.142(b)(6).

16.     In response to that Plaintiff' to block, Defendant simply refused, and instead provided Plaintiff with a form letter response that cited the relevant law, but contained no substantive explanation for its refusal to block.

17.    Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to block Accounts Relating to Trafficking as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

18.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, invasion of privacy including from unauthorized users and/or intrusions into his highly sensitive and intimate personal information, and emotional distress including anxiety, frustration, humiliation, embarrassment, and the physical symptoms of his emotional distress.

19.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

20.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Trans Union)

21.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.    At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23.    At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-3, 1681e(b) and 1681i.

26.    The conduct of Defendant is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

27.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees; and

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

5

*/s/ Mark D. Mailman*
Mark D. Mailman, Esq.
Joseph L. Gentilcore, Esq.
William J. Cooper, Esq.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: mmailman@consumerlawfirm.com
E: jgentilcore@consumerlawfirm.com
E: wcooper@consumerlawfirm.com

Dated:  August 14, 2026                 *Attorneys for Plaintiff*